FILED - GR
November 5, 2008 12:50 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __rmw____/_____

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GARY E. HAYNES,

      Plaintiff,

v.

MARY JANE M. ELLIOTT P.C.;
MIDLAND FUNDING LLC; and
MIDLAND CREDIT MANAGEMENT, INC.,

      Defendants.

_____/

**1:08-cv-1038**

**Janet T. Neff
U.S. District Judge**

TRIAL BY JURY DEMANDED

WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com
*Counsel for Plaintiff*

_____/

## COMPLAINT

### INTRODUCTION

1.      Plaintiff Gary E. Haynes ("Plaintiff"), brings this action to secure redress against unlawful credit and collection practices engaged in by Mary Jane M. Elliott P.C. ("Elliott"), Midland Funding LLC ("Midland") and Midland Credit Management, Inc., ("MCM") collectively ("Defendants"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA") in that even though he disputed the debt and provided sufficient information of his identity, Defendants engaged in an abusive prosecution of the wrong person in a state court debt collection case and that the state court complaint contained patently false statements.

2. Plaintiff also alleges that Elliott's same conduct violated state law, M.C.L. § 445.252, or in the alternative, M.C.L § 339.915.

3. The FDCPA is broad in its prohibition of unfair or unconscionable collections methods including the use of any false, deceptive or misleading statements in connection with the collection of a debt. Furthermore, "It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged. . . ." 15 U.S.C. § 1692(e).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA). This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 as the conduct complaint of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).6. Venue and personal jurisdiction over Defendant in this District is proper because:

   a. Plaintiff resides in the District;

   b. Defendants' collection activities through the use of the US Mail and telephone were directed to the Plaintiff and occurred within the District;

    c. Defendants' collection activities were conducted in a state court located within the District; and

    d. Elliott on behalf of its clients and Midland file numerous state court lawsuits, with over 250 filed in the state district court located in Grand Rapids, Michigan against consumers in the District.

## PARTIES

5. Plaintiff is an individual who resides in the Western District of Michigan.

6. Elliott is a Michigan domestic professional service corporation. Elliott's principal place of business is located at 24300 Karim Blvd., Novi, Michigan, 48375. For service of process, Elliott's registered agent is Mary Jane M. Elliott, 24300 Karim Blvd., Novi, Michigan, 48375.

7. Elliott is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as to the acts complained of herein. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

8. Elliott is a "collection agency" as defined by M.C.L. § 445.251(b), *McKeown v. Mary Jane M. Elliott P.C.*, Case No. 07-12016-BC, 2007 U.S. Dist. LEXIS 90481 * 24 (E.D. Mich. Dec. 10, 2007), or alternatively M.C.L. § 339.901(b) as to the acts complained of herein. *See Stolicker v. Muller, Muller, Richmond, Harms, Myers and Sgori, P.C.*, File No. 1:04-CV-733, 2005 U.S. Dist. LEXIS 32404 (W.D. Mich. Sept. 9, 2005).

9. Midland is a limited liability company chartered under Delaware law. Its principal place of business is 8875 Aero Drive, Suite 200, San Diego, CA 92123. Midland does not maintain a registered agent in Michigan, but maintains a registered agent for the service of process in Illinois and its name and address is Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

10. Midland is a subsidiary of Encore Capital Group, Inc. (Nasdaq symbol ECPG) and its debt portfolios consist primarily of unsecured, charged-off domestic consumer credit card, auto deficiency and telecom receivables purchased from national financial institutions, major retail credit corporations, telecom companies and resellers of such portfolios. (Encore's SEC filing 10-Q, Aug. 8, 2008).

11. Encore, "has been in the collection business for 54 years and started purchasing portfolios for [its] own account approximately 17 years ago. From [its] inception through December 31, 2007, [it has] invested over $936.2 million to acquire 22.3 million consumer accounts with a face value of approximately $32.7 billion" (Encore's SEC 10-K filing Feb. 19, 2008). As such, Midland's debt portfolio's on average were purchased at approximately 2.9% of their face value; less than 3 cents on the dollar.

12. Midland, when it sues a person in its name, will sue on the full amount of the debt.

13. Midland, frequently sues in its own name having filed more than 250 cases in the State of Michigan district court located in Grand Rapids for the year 2008 alone.

14. At all times relevant to this Complaint, Midland was a debt collector as defined by 15 U.S.C. § 1692a(6). *Asset Acceptance Corp. v. Robinson*, 244 Mich. App. 728, 735, 625 N.W.2d 804, 808 (Mich. App. 2001).

15. MCM is a subsidiary of Encore Capital Group, Inc. (Nasdaq symbol ECPG). It is incorporated under the laws of Kansas. Its principal place of business is 8875 Aero Drive, Suite 200, San Diego, CA 92123. MCM does not maintain a registered agent in Michigan, but maintains a registered agent for the service of process in Illinois and its name and

4

address is Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703-4261.

16. MCM is the "servicer of the account" Midland sued upon in the state court complaint. At all times relevant to this Complaint, MCM was a debt collector as defined by 15 U.S.C. § 1692a(6).

17. At all times relevant, Elliott's actions were taken on behalf of Midland and MCM. A debt collector, such and Midland and MCM, may be held vicariously liable for the collection activities of an attorney working on its behalf. *Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 1994); *Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1039 (N.D. Ill. 2005); *Caron v. Maxwell*, 48 F. Supp. 2d 932, 936 (D. Ariz. 1999); *Alger v. Ganick, O'Brien & Sarin*, 35 F. Supp. 2d 148, 153 (D. Mass 1999); *Randel v. GC Servs.*, 25 F. Supp. 2d 849, 851 (N.D. Ill. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320, 1333 (D. Utah 1997); Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1486 (M.D. Ala. 1987).

**FACTS**

18. On or about March 2007, Plaintiff received a letter from MCM sent on behalf of Midland informing Plaintiff that they were collecting on an Aspen Mastercard. (Haynes Aff. ¶ 7). Plaintiff's Affidavit with the attached appendices referenced in the Affidavit is attached hereto as Exhibit 1, the ("Haynes Aff.").

18. A copy of MCM's letter is attached hereto as Exhibit 2.

19. On or about March 2007, Plaintiff received a phone call from Midland, alternatively, MCM, regarding the Aspen Mastercard referenced in the letter. (Haynes Aff. ¶ 8).

20. During that telephone conversation with Midland, alternatively, MCM, Plaintiff informed the person that they had contacted the wrong person and that Plaintiff did not open an Aspen Mastercard. (Haynes Aff. ¶ 9).

5

21. Plaintiff has not opened an Aspen Mastercard or has ever used an Aspen Mastercard. (Haynes Aff. ¶ 5).

22. Plaintiff has an excellent credit history with no accounts being delinquent. (Haynes Aff. ¶ 5, Appx. 2).

23. On or about June 2008, Plaintiff received a letter from Elliott attempting to collect a debt on an Aspen Mastercard for Midland Funding LLC. (Haynes Aff. ¶ 10).

24. A copy of Elliott's letter to Plaintiff is attached hereto as Exhibit 3.

25. In a letter dated June 10, 2008, Plaintiff informed Elliott in part that, "My name is not Gary W. Haynes as you have indicated, but Gary E. Haynes. My social security number ends with 3685. I do not owe any debt to anyone and have a perfect credit history." (Haynes Aff. ¶ 11, Appx. 3).

26. The letter dated June 10, 2008, was sent to Elliott by certified mail. (Haynes Aff. ¶ 12, Appx. 4).

27. Plaintiff's letter dated June 10, 2008, was received by Elliott.

28. In 2008, Elliott on behalf of Midland filed suit against Gary W. Haynes, in the District Court of Eaton County, Michigan, Case No. 08-3557-GC (the "state court collection mater").

29. Defendants intentionally caused Plaintiff to be served with the summons and complaint for the state court collection matter. A copy of the summons and complaint with the attached affidavit is attached hereto as Exhibit 4.

30. The summons and complaint has Plaintiff's correct address, but no such person as Gary W. Haynes resides at that address.

6

31. On information and belief, the lawsuit sought to collect an alleged credit card debt that, if incurred at all, was incurred for personal, family or household purposes and not for business purposes.

32. Plaintiff obtained legal counsel and paid monies to defend the state court collection matter. Plaintiff's counsel's billing rate has been approved at $260 per hour for work done beginning in 2007. *Benford v. Ranieri et al.*, 08 C 917, oral hearing on motion for attorney's fees and costs (N.D. Ill. July 1, 2008).

33. The state court collection matter has been dismissed with prejudice against Plaintiff.

34. It is not uncommon for debt collectors to pressure consumers who do no owe the debt into making payments though various collection methods. See e.g. *The People of the State of Illinois v. Arrow Financial Services LLC*, 07 CH 02475, Complaint ¶ 17 (Circuit Court of Cook County, Illinois, Jan. 25, 2007). Such was the case here.

## COUNT I
## FDCPA § 1692e VIOLATIONS

35. Plaintiff incorporates paragraphs 1-34 above.

36. 15 U.S.C § 1692e, in pertinent part, provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The false representation of --
>
>     (A) the character, amount, or legal status of any debt;
>
> * * *

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. The statement in the state court summons that Gary W. Haynes lived at the residence of Plaintiff was false.

38. An open account is an account with a balance which has not been ascertained, and which is kept open in anticipation of future transactions. 1 Am Jur 2d, Accounts and Accounting, § 4 (1994).

39. Under Michigan law an account stated consists of, "a balance struck between the parties on a settlement." *Keywell & Rosenfeld v. Bithell,* 254 Mich. App. 300, 331, 657 N.W.2d 759, 777 (2002) (quoting *Watkins v. Ford,* 69 Mich. 357, 361, 37 NW 300, 302 (1888)).

40. Banks and other financial institutions that issue credit cards are required by regulators to charge unpaid debts off within not more than 180 days following delinquency. Federal Financial Institutions Examinations Counsel, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

41. MCL § 600.2145 provides, in pertinent part:

> In all actions brought in any of the courts of this state, to recover the amount due on an open account or upon an account stated, if the plaintiff or someone in his behalf makes an affidavit of the amount due . . . and annexes thereto a copy of said account, and cause[s] a copy of said affidavit and account to be served upon the defendant, with a copy of the complaint filed in the cause or with the process by which such action is commenced, such affidavit shall be deemed prima facie evidence of such indebtedness . . . .

42. On information and belief the Aspen MasterCard account that was sued upon was closed at the time of the suit and therefore no future transactions was anticipated.

43. There was no agreement struck on the amount of the debt that Plaintiff was served with the summons and state court complaint on.

44. The state court complaint states, "Plaintiff's assignor has completed performance and rendered an account stated; Affidavit attached."

45. The statement, "Plaintiff's assignor has completed performance and rendered an account stated" is false as no "account stated" exists.

46. The affidavit attached to the state court complaint states in part that Kiffmeyer has made statements based upon, "personal knowledge". This statement of "personal knowledge" is false.

47. The Kiffmeyer affidavit states that $653.80 is due and owing to Midland.

48. The state court complaint states that $653.80 is due to Midland.

49. MCM's letter, Exhibit 2, states that $669.71 is the current balance of the account as of 05-04-2007.

50. Either the Kiffmeyer affidavit and the state court complaint or alternatively MCM's letter, Exhibit 2, falsely states the amount due on the debt.

51. Equitable tolling of the one-year statute of limitations regarding the alternatively false statement regarding the amount of debt in MCM's letter, Exhibit 2, is appropriate here. *Foster v. D.B.S. Collection Agency*, 463 F. Supp. 2d 783 (S.D. Ohio 2006).

52 Defendants violated 15 U.S.C. §§ 1692e, e(2), and e(10).

## COUNT II
## FDCPA § 1692f VIOLATION

53. Plaintiff incorporates paragraphs 1-34 above.

54. 15 U.S.C. § 1692f provides:

9

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

55. "Although § 1692f does not specifically list 'failure to investigate' as an example of unfair collection activity, this does not automatically preclude [the plaintiff] from recovering on his § 1692f claim." *Gros v. Midland Credit Mgmt.*, 06 C 5510, 2008 U.S. Dist. LEXIS 83954 * 21 (N.D. Ill. Oct. 20, 2008).

56. On information and belief, MCM does not investigate every consumer's dispute of the validity of the debt. *See Johnson v. Midland Credit Mgmt.*, Case No. 1:05 CV 1094, 2006 U.S. Dist. LEXIS 60133 * 5 (N.D. Ohio Aug. 24, 2006) (noting that the proposed amended complaint included class allegations that MCM continued to send consumers collection letters after they disputed their debt and MCM failed to investigate their disputes.).

57. Under another consumer protection statute, the Fair Credit Reporting Act, § 1681i(a) requires a reasonable reinvestigation of disputed credit information, which has been applied to a debt collector's responsibility to investigate and correct errors under 15 U.S.C. § 1681s-2(b). *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F. Supp. 2d 492, 510 – 511 (D. Md. 2004).

58. Plaintiff provided Elliott the last four digits of his social security number in disputing the debt.

59. Aspen MasterCard's requires a cardholder to provide it with at least the cardholder's last four digits of their social security number when a cardholder contacts Aspen. *See e.g.* https://www.myaspencard.com/contact.jsp. On information and belief, a person who applied for a credit card with Aspen MasterCard would have provided Aspen MasterCard their social security number. On information and belief, Midland or MCM either had the social

security number of the person who actually opened the Aspen MasterCard or would have been able to obtain it from Aspen MasterCard.

60. Debt collectors frequently use and have available to them skip-tracing products such as Accurint® that provides the requester a partial social security number.

61. Defendants violated 15 U.S.C. § 1692f.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff's FDCPA claims and against Defendants for:

(1) Statutory damages for Plaintiff in the amount of up to $1,000 against each defendant;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit; and

(4) Such other relief as the Court deems proper.

## COUNT III
## STATE COLLECTION ACTS VIOLATIONS

62. Plaintiff incorporates paragraphs 1-34 and 37-51 above.

63. This claim is made against Elliott only.

64. M.C.L. § 445.252 and M.C.L § 339.915, in pertinent part, states as prohibited acts:

> \* \* \*
>
> (e) Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt . . . .

65. Elliott violated M.C.L § 445.252(e), alternatively Elliott violated M.C.L. § 339.915(e).

11

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Elliott for:

  a. For statutory damages, trebled, actual damages trebled; and

  b. Attorney's fess, litigation expenses and costs of suit.

## COUNT IV
## ABUSE OF PROCESS

66. Plaintiff incorporates paragraphs 1-34 and 56-60 above.

67. Serving Plaintiff with the summons and complaint in the state court matter had the ulterior purpose of pressuring a person who did not owe the debt to pay the debt.

68. Defendants would have benefited from the state court collection suit if Plaintiff paid the debt.

69. The serving of Plaintiff with the summons and complaint in the state court matter was act in the use of process which is improper in the regular prosecution of a debt collection proceeding.

70. Defendants have used a proper legal procedure for an improper purpose given the intended use of that procedure.

71. Defendants' conduct was the proximate cause of Plaintiff's actual damages.

**WHERFORE**, this Court should enter judgment in favor of Plaintiff and against Defendants for:

  a. For actual and punitive damages; and

  b. Attorney's fess, litigation expenses and costs of suit.

Respectfully submitted,

*Curtis C. Warner*
Curtis C. Warner

WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

*Curtis C. Warner*
Curtis C. Warner

WARNER LAW FIRM, LLC
By: Curtis C. Warner (P59915)
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com